IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 26, 2004

## LACONIA LAMAR BOWERS V. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 74942   Richard Baumgartner, Judge**

**No. E2004-00347-CCA-R3-PC - Filed December 28, 2004**

The petitioner, Laconia Lamar Bowers, was convicted by a jury of second degree murder.  The conviction was affirmed on direct appeal, see State v. Laconia Lamar Bowers, No. E1999-00170-CCA-R3-CD, 2000 WL 15020 (Tenn. Crim. App. at Knoxville, Jan. 11, 2000), and on appeal to the Supreme Court of Tennessee.  See State v. Ely, 48 S.W.3d 710 (Tenn. 2001).  The petitioner now seeks post-conviction relief on the basis of ineffective assistance of counsel.  For the following reasons, we affirm the post-conviction court's dismissal of the post-conviction petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and J. C. MCLIN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Laconia Lamar Bowers.

Paul G. Summers, Attorney General & Reporter; Michelle Chapman McIntire, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Philip H. Morton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

On April 21, 1996, Peter Whatmough and Stacy Yessler were traveling through Knoxville en route from Florida to Ohio.  Whatmough and Yessler visited the housing projects and purchased three rocks of crack cocaine.  They smoked the rocks at their motel, then returned to the housing project to purchase more crack cocaine.  Yessler spotted Artis Bonner, the person from whom she had bought crack cocaine earlier that day. Whatmough and Yessler summoned Bonner to the vehicle

to discuss another drug transaction. Apparently an agreement was reached and Bonner left the vehicle and entered a nearby apartment to procure the drugs.

A few minutes later, Bonner returned to the vehicle, got in, and told Whatmough and Yessler to "hurry up and get on out of there." As Whatmough started the vehicle and placed it in drive, he was fatally shot in the head.

The petitioner was charged in a two-count indictment with alternative counts of felony murder, i.e., murder in the perpetration of a robbery and murder in the perpetration of a theft.

Bonner informed the police during the investigation and at trial that the petitioner was the person he saw shoot Whatmough. However, Bonner recanted portions of his testimony on cross-examination at trial, including denying that he had told the police that the petitioner was the shooter. Bonner admitted that he was originally charged with the murder of Whatmough and explained that he implicated the petitioner in order to get out of jail.

Another witness, Regina Chatham, testified that she saw the petitioner in the area when the shooting occurred. However, Chatham also recanted a portion of her statement in which she told the police that she saw the petitioner running away from the scene with a gun. Chatham claimed that she was mad at the petitioner when she provided her initial statement to police.

At the conclusion of the proof, defense counsel moved for a judgment of acquittal on the basis that the State introduced no proof of the underlying felonies. The State conceded and the trial court granted the motion for judgment of acquittal. The trial court instructed the jury on several lesser-included offenses of felony murder and the jury ultimately convicted the petitioner of second degree murder.

On direct appeal, the petitioner asked this court to determine: (1) whether second degree murder is a lesser-included offense or a lesser grade offense of felony murder; (2) the sufficiency of the evidence; and (3) the sentence. Bowers, 2000 WL 15020, at *1. This Court concluded that second degree murder is a lesser-included offense of felony murder and affirmed the petitioner's conviction and sentence. Id. at *7. The petitioner then sought review from the Tennessee Supreme Court, which granted permission to appeal on July 10, 2000. The Tennessee Supreme Court affirmed the petitioner's conviction, determining that second degree murder was indeed a lesser-included offense of felony murder. Ely, 48 S.W.3d at 721-22.

The petitioner then sought post-conviction review by filing a pro se petition for post-conviction relief which alleged, inter alia, ineffective assistance of counsel. The post-conviction court appointed counsel for the petitioner and an amended petition was filed. The amended petition alleged that the petitioner's conviction was void because his constitutional rights were violated at trial when he was denied due process and received ineffective assistance of counsel. In support of his claim, the petitioner alleged that trial counsel was ineffective because he: (1) "failed to fully investigate the circumstances of the case and to present available evidence in refuting the state's

theory of the case," specifically by introducing the petitioner's version of the events; and (2) failed to challenge the jury as impartial when African-American jurors were improperly excluded.[1]

At the post-conviction hearing, the petitioner testified that trial counsel advised him of his right to testify during trial. He recalled that trial counsel told him, "It'd be in . . . [his] best interest not to testify" and that, based on trial counsel's advice, he elected not to testify. The petitioner testified that he "would have liked to tell . . . [his] side of the story." The petitioner claimed he would have testified that he was present on the day of the incident, but that he did not have a weapon and did not fire a weapon. He remembered hearing gun shots, but claims that he "duck[ed] and ran." The petitioner did not claim that trial counsel forbade him to testify, but merely that trial counsel advised him not to testify. The petitioner also admitted that he did not tell trial counsel what the substance of his testimony would have been if he were called to the stand. The petitioner also noted that trial counsel was the one to inform the court that the petitioner was waiving his right to testify.[2]

Trial counsel testified that he had been practicing law since 1986, that most of his cases were criminal, and that he had handled "several" first-degree murder cases. Trial counsel represented the petitioner at the initial trial and on appeal. Trial counsel commented on his advice to the petitioner as follows:

> Well, I never stop somebody from testifying. In fact, it's their decision. I always tell them, "It's up to you whether you testify or you don't." I believe in this case I did advise . . . [the petitioner] he - - I think we had a discussion. He said, "What do you think?" And I said, "In my opinion I don't think you should testify because all you can testify to is, "I didn't do it." It wasn't me." And we had some evidence - - or some aspects of our investigation we were a little concerned might come back against . . . [the petitioner]. And, frankly, after getting the witnesses - - some of the state's witnesses to recant their testimony and admit they lied, frankly, I felt like putting . . . [the petitioner] on just to get up and say, "I didn't do it," I thought we'd run the risk of having him get up and say something that - - that we might regret to the jury because with cross-examination you never know what's going to come out . . . .

Trial counsel also testified that he and the petitioner discussed the petitioner's right to testify both prior to trial and on the day of trial. He further noted that if he had to try the case again, he would still have advised the petitioner not to testify.

---

[1]Although the petitioner in his petition raised the issue of alleged racial discrimination in the selection of the jury and trial counsel's alleged failure to object to it, he does not pursue this argument on appeal.

[2]The petitioner's trial occurred in 1998, prior to the release of the decision in Momon v. State, 18 S.W.3d 152 (Tenn. 1999), which requires a colloquy on the record by the defendant regarding his right not to testify.

At the conclusion of the hearing, the post-conviction court dismissed the petition. The petitioner filed a timely notice of appeal challenging the post-conviction court's dismissal of the petition for post-conviction relief.

## Post-Conviction Standard of Review

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issue raised, we will afford those findings of fact the weight of a jury verdict, and this court is bound by the court's findings unless the evidence in the record preponderates against those findings. See Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. See State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). All questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578-79. However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## Ineffective Assistance of Counsel

The petitioner argues that he was denied effective assistance of counsel. Both the Sixth Amendment to the United States Constitution and Article I, section 9 of the Tennessee Constitution guarantee a criminal defendant the right to representation by counsel. See Burns, 6 S.W.3d at 461; Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. See Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter, 523 S.W.2d at 936. In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580.

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. See id. at 578. However, our supreme court has "determined that issues

of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. Burns, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. See Adkins v. State, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. See id. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. See Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In the case herein, the petitioner claims that he received ineffective assistance of counsel because trial counsel advised him not to testify on his own behalf. The State argues that the evidence does not preponderate against the findings of the trial court. We agree.

In dismissing the petition for post-conviction relief, the trial court stated:

[The petitioner] is here on a post-conviction relief petition claiming, in essence, three grounds for relief, and those are all that his trial counsel was ineffective in his representation of him at the trial of this case, first of all, because he did not fully investigate the case and develop witnesses who would have been useful to . . . [the petitioner]; second, . . . [the petitioner] complains that he did not call him as a witness in this case and should have done so and that that was also ineffective; and lastly, that he failed to complain when two African-American jurors were dismissed by the state from this case and he was, therefore, tried by an all white jury.

. . . .

[W]ith regard to the issue of testifying, . . . [the petitioner] himself acknowledges that they had a conversation about it, that he was advised he had the right to testify or not testify, and that . . . [trial counsel] advised him not to testify and he took that advice. He did not claim that that was - - that his will was overborne by that. He just claimed that "this was my lawyer, and he advised me that it was best, in his judgment, that I not testify, and I accepted that judgment," and it's now in retrospect that he has reconsidered whether or not he should have done that.

[Trial counsel], on the other hand, testifies again that they did have a conversation about it, that he did advise him that he felt it was best for him not to testify, that he had been, in his judgment - - . . . [trial counsel's] judgment, successful in weakening the state's case by showing that these witnesses had changed their testimony, had allegedly lied to police, and that he did not feel that . . . [the

petitioner] was going to add anything to it, and he wanted to avoid the potential that he would be - - somehow incriminate himself in the matter.

So there's a reasonable explanation for the decision not to testify. There's an acknowledgment by . . . [the petitioner] that he agreed with that advice, and I do not believe that that's a ground to find ineffective assistance of counsel.

We cannot conclude that the evidence preponderates against the findings of the post-conviction court. The record herein establishes that the petitioner was advised by both the trial court and trial counsel that he had the right to testify and that the ultimate decision about whether to testify was his own. Further, the petitioner admitted that trial counsel did nothing to prevent him from testifying but simply advised him against doing so. The decision to advise the petitioner not to testify was clearly a tactical decision. The petitioner has presented no proof that the services rendered by trial counsel were deficient or that trial counsel's deficient performance was prejudicial. Further, the record supports the post-conviction court's dismissal of the petition. See Allen Dale Cutshaw v. State, No. E2002-00438-CCA-R3-PC, 2003 WL 147025 (Tenn. Crim. App. at Knoxville, Jan. 22, 2003) (determining that the petitioner was not entitled to post-conviction relief where the evidence showed that trial counsel advised him against, but did not prohibit the petitioner from testifying at trial). Accordingly, we affirm the judgment of the post-conviction court.

Conclusion

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE